646 A.2d 621

COMMONWEALTH of Pennsylvania

v.

$8006.00 U.S. CURRENCY SEIZED
from Keith Stanley CARTER.

**Keith Stanley Carter, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 12, 1994.

Decided July 27, 1994.

Vincent J. Zoccardo, for appellant.

George S. Leone, Asst. Dist. Atty., for appellee.

Before KELLEY and NEWMAN, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

The issue on appeal in this case is one of first impression: whether the Pennsylvania Rules of Civil Procedure governing discovery apply to forfeiture proceedings brought pursuant to the Forfeiture Act.[1]  We hold that the discovery rules found in the Pennsylvania Rules of Civil Procedure are applicable to forfeiture proceedings.

Keith Stanley Carter, as claimant of Eight Thousand and Six Dollars, appeals the decision of the Court of Common Pleas of Philadelphia County (trial court) granting the petition of forfeiture filed by the Commonwealth of Pennsylvania for failure of Carter's counsel to appear or answer interrogatories.

The trial court made the following findings of fact.  On October 19, 1992, $8,006.00 was seized from Carter by the Philadelphia police.  On November 17, 1992, the Commonwealth filed a petition for forfeiture alleging that the money was related to controlled substances in violation of The Controlled Substance, Drug, Device and Cosmetic Act.[2]

On December 14, 1992, the trial court ordered the money forfeited to the Commonwealth.  On December 23, 1992, the order of December 14 was vacated and the matter was continued until January 11, 1993.  Thereafter, the matter was listed

1.  Act of June 30, 1988, P.L. 464, *as amended,* 42 Pa.C.S. §§ 6801–6802.
2.  Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101 to 780–144.

for status of discovery on February 12, 1993, March 31, 1993 and April 21, 1993.

During that period, the Commonwealth attempted to obtain answers to interrogatories served on Carter's counsel concerning, *inter alia*, the identity of Carter, the ownership of the currency and the source of the currency. Counsel refused to permit his client to answer the interrogatories.

On or about May 24, 1993, the Commonwealth filed a motion to compel discovery and a motion to preclude claims of defendant with the trial court. Argument on the motions was scheduled for June 24, 1993. In response to a request for continuance by counsel for Carter on June 24, 1993, argument was continued to July 12, 1993.

On July 12, 1993, counsel for Carter failed to appear, did not submit completed interrogatories, and did not contact the trial court to request a further continuance. The Commonwealth then made an oral motion for forfeiture. The trial court granted forfeiture based upon the history of the case as presented by the Commonwealth and the indication by Carter's counsel at the prior listings that he did not intend to comply with the request for discovery. This appeal followed.[3]

On appeal, Carter contends that the forfeiture was improperly granted as the Commonwealth produced no evidence to meet their required burden of proof. Moreover, Carter argues, the fact that he, a non-party, refused to answer interrogatories does not permit the trial court to grant the sanction imposed for two reasons: (1) the sanction is not authorized by the Pennsylvania Rules of Civil Procedure; and (2) discovery is not permitted in forfeiture proceedings.

The Forfeiture Act, at 42 Pa.C.S. § 6801(a)(6)(i)(B), permits the forfeiture of "money ... used, or intended to be used to facilitate any violation of The Controlled Substance, Drug, Device and Cosmetic Act." Pursuant to the Forfeiture Act,

---

**3.** The "findings of fact by a trial judge are accorded the same weight as a jury verdict and our scope of review is limited to examining whether the findings are supported by competent evidence." *Commonwealth v. $32,950.00 U.S. Currency,* 160 Pa.Commonwealth Ct. 58, 634 A.2d 697 (1993).

the proceedings for the forfeiture of property shall be in rem, in which the Commonwealth is the plaintiff and the property is the defendant. 42 Pa.C.S. § 6802(a).

It is true that the Commonwealth has the burden of proof at a forfeiture hearing; however, in this case, the trial court never reached that stage of the proceedings.[4] The trial court granted forfeiture based upon Carter's failure through his counsel to comply with the discovery rules of the Pennsylvania Rules of Civil Procedure.

■ In support of his contention that interrogatories or the sanction imposed by the trial court were not permissible in forfeiture proceedings, Carter cites the Superior Court's decision in *Grossman v. Commissioner of Police*, 318 Pa.Superior Ct. 584, 465 A.2d 1007 (1983). In *Grossman*, the Superior Court stated that a motion for return of property seized during a search and seizure is clearly governed by Pennsylvania Rules of Criminal Procedure, Rule 324 which supplies the right and the procedure for said motion. Therefore, the Superior Court concluded that, in matters of procedure, the rules of criminal procedure clearly govern a motion for return of property and an order issued in such an action is a criminal order.

4. This court has previously set forth the burdens of proof in forfeiture cases:

In a forfeiture proceeding, the Commonwealth bears the initial burden of proof which it must satisfy by a preponderance of the evidence. 42 Pa.C.S. § 6802(j); *Commonwealth v. One 1988 Suzuki Samurai*, 139 Pa.Commonwealth Ct. 68, 589 A.2d 770 (1991). To sustain its burden of proof, the Commonwealth must establish a nexus between the unlawful activity and the property subject to forfeiture. 42 Pa.C.S. § 6802(j); *In re King Properties*, 145 Pa.Commonwealth Ct. 139, 602 A.2d 486 (1992). Where the Commonwealth sustains its burden, the burden of production shifts to the property owner to disprove the Commonwealth's evidence or establish a statutory defense to avoid forfeiture. *Commonwealth v. One 1974 Chevrolet Box–Type Truck*, 126 Pa.Commonwealth Ct. 173, 559 A.2d 76 (1989).

*Commonwealth v. $9,310.00 U.S.C.*, 162 Pa.Commonwealth Ct. 315, 638 A.2d 480 (1994) (citing *Commonwealth v. Nineteen Hundred and Twenty Dollars, U.S.C.*, 149 Pa.Commonwealth Ct. 132, 612 A.2d 614 (1992)).

We conclude that *Grossman* is inapplicable to the present situation. *Grossman* involved a motion for return of property seized during a search and seizure which is specifically governed by the rules of criminal procedure. *See* Pa.R.Crim.P., Rule 324. The present matter involves a petition for forfeiture which is not specifically governed by the rules of criminal procedure but is explicitly governed by the Forfeiture Act. *See* 42 P.C.S. § 6802.

There are no Pennsylvania cases which hold that the discovery rules found in the rules of civil procedure are applicable to forfeiture proceedings. Nor does the Forfeiture Act itself provide that the rules of civil procedure govern such proceedings. It has been previously held that forfeiture proceedings under the Forfeiture Act are civil in form but quasi-criminal in character. *Kulbitsky Appeal*, 112 Pa.Commonwealth Ct. 477, 536 A.2d 458 (1988) (citing *Commonwealth v. Landy*, 240 Pa.Superior Ct. 458, 362 A.2d 999 (1976)). In *Landy*, the court held that "[o]n issues of evidence, [forfeiture] proceedings should be treated as civil proceedings with the Commonwealth having the burden of proving the material allegations by a preponderance of the evidence only." *Landy*, 240 Pa.Superior Ct. at 469–70, 362 A.2d at 1005.

This court has previously looked to cases construing the federal forfeiture act, the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 881(a)(4), upon which Pennsylvania's Forfeiture Act is patterned, for guidance in dealing with issues arising under the Forfeiture Act upon which no court has ruled or upon which the Act is silent. *See Commonwealth v. One 1988 Suzuki Samurai*, 139 Pa.Commonwealth Ct. 68, 589 A.2d 770 (1991). In *Suzuki*, this court looked to federal cases construing the provisions of the federal forfeiture act, to determine what constitutes ownership for purposes of raising an innocent owner defense under Pennsylvania's Forfeiture Act. Therefore, we will also look to federal cases for guidance in determining whether the civil discovery rules are applicable to forfeiture proceedings brought pursuant to the Forfeiture Act.

Recently, the First Circuit Court of Appeals, addressed the issue of whether the use of discovery sanctions in forfeiture actions is properly governed by the Federal Rules of Civil Procedure. *United States of America v. One 1987 BMW 325*, 985 F.2d 655 (1993). In *One 1987 BMW 325*, the government filed a forfeiture complaint along with ninety-nine interrogatories which were served upon the claimant. The interrogatories were served with the complaint pursuant to Admiralty Rule C(6) which permits the service of interrogatories with the complaint in actions in rem.

The claimant refused to answer the interrogatories. Thereafter, the district court issued an order striking the claimant's claim to the seized property for failure to answer interrogatories.

The claimant appealed to the First Circuit contending that the district court dismissed his claim in contravention of Federal Rule of Civil Procedure 37 because the rule does not permit dismissal as an initial sanction for failure to answer interrogatories. The government argued, *inter alia*, that Federal Rule of Civil Procedure 37 is inapposite in respect to interrogatories propounded pursuant to Admiralty Rule C(6).

The First Circuit noted that the courts have consistently looked to the federal civil rules to fill gaps in the Admiralty Rules which govern forfeiture actions pursuant to 21 U.S.C. § 881(b). The federal courts have done so because in 1966 when Congress replaced the Admiralty Rules with the Supplemental Rules for Certain Admiralty and Maritime Claims, Congress decreed that "[t]he general rules of civil procedure for the United States District Courts are also applicable to [in rem] proceedings except to the extent that they are inconsistent with the Supplemental Rules."

While the Admiralty Rules provide for discovery via interrogatories, the First Circuit pointed out that the Admiralty Rules are "completely bereft of guidance concerning what measures may be appropriate when parties fail to serve answers to interrogatories in a full and timely fashion" and, further, "make no provision whatever for discovery sanctions."

Therefore, the First Circuit held that the use of discovery sanctions in forfeiture actions is properly governed by the pertinent provisions of the Federal Rules of Civil Procedure.

The court's decision in *One 1987 BMW 325* is very instructive in resolving the issue before this court. It is clear that discovery is permitted in federal forfeiture actions by virtue of the Admiralty Rules and federal case law. To facilitate in the discovery process, the Admiralty rules provide for interrogatories and the courts have supplied the means by which compliance with discovery may be mandated through the application of the federal rules of civil procedure.

Pennsylvania's Forfeiture Act does not contain any provisions governing the discovery process. Pennsylvania Rule of Civil Procedure 4001 defines the scope of the discovery rules as applying to "any civil action or proceeding at law or in equity brought in or appealed to any court which is subject to these rules ...". Pa.R.C.P. No. 4001. As noted in the 1978 explanatory note, "[t]aken literally, these words embrace every conceivable form of action." Pa.R.C.P. No. 4001 (Explanatory Note–1978). As a result, specific exceptions to the discovery rules are set forth in Rule 4001. These exceptions are an action of divorce or for annulment of marriage, an action for support, or an action for custody of minor children. Pa. R.C.P. No. 4001. Rule 4001 does not specifically except forfeiture actions from the discovery rules.

Accordingly, as Pennsylvania's Forfeiture Act is patterned after the federal forfeiture act and by virtue of prior holdings that forfeiture proceedings are civil in form, we hold that discovery is permitted in forfeiture proceedings. To fill in the gap left by the absence of any specific discovery provisions in the Forfeiture Act, we further hold that the discovery rules found in the Pennsylvania Rules of Civil Procedure are applicable to forfeiture proceedings.

The language of those rules encompasses every conceivable form of action and those rules do not specifically except forfeiture actions from applicability. Discovery is an essential part of civil proceedings and to deny discovery to the parties

involved in a civil forfeiture proceeding would be in contravention of the intention of the rules to prevent trial by ambush. *See Clark v. Hoerner*, 362 Pa.Superior Ct. 588, 525 A.2d 377 (1987).

■ In the alternative, Carter argues that the sanction imposed was unauthorized under the Rules of Civil Procedure because the discovery rules only allow the imposition of sanctions upon a party. Carter contends that the seized property is the defendant in forfeiture actions, not the claimant; therefore, he is not a party to this action.[5] Nowhere, Carter argues, do the discovery rules permit a sanction to be imposed upon a party where a non-party violates the discovery rules. Carter does not cite any authority to support his contentions.

We believe that Carter, as the claimant to the seized money, is clearly a party to this action. The term "party" is not defined in the Pennsylvania Rules of Civil Procedure. However, under the Judicial Code, a party is defined as a "person who commences or against whom relief is sought in a matter." 42 Pa.C.S. § 102.

Under the Forfeiture Act, the Commonwealth is required to provide notice to the owner of the seized property that a forfeiture petition has been filed. 42 Pa.C.S. § 6802(b). Under the provisions of the Forfeiture Act, the claimant is required by way of answer, to set forth his title in, and right to possession of, the seized property. *Id.* By doing so, an owner becomes a claimant making a claim to the property, or in other words, he becomes a party by commencing a claim to the seized property.

In addition, the Forfeiture Act sets forth an owner's or claimant's burden of proof at the time of the hearing on the forfeiture petition if the Commonwealth succeeds in meeting its initial burden that the property was unlawfully used or possessed. 42 Pa.C.S. § 6802(j). Therefore, a claimant must

5. As stated previously in this opinion, under the Forfeiture Act, forfeiture proceedings are in rem actions wherein the Commonwealth is the plaintiff and the defendant is the property in question. 42 Pa.C.S. § 6802(a).

be a participating party to the forfeiture proceedings in order to succeed on his claim.

Since Carter was a party to the action, the Commonwealth was permitted under Rule 4005 of the discovery rules to serve upon him through his counsel, written interrogatories. Pa. R.C.P. No. 4005(a). The discovery rules provide that a court may, on motion, make an appropriate order if a party fails to respond to written interrogatories. Pa.R.C.P. No. 4019(a). An appropriate order may be an order entering a judgment by default against the disobedient party or the party advising the disobedience. Pa.R.C.P. No. 4019(c)(3).

The record in this case shows that the trial court found that counsel for Carter indicated that he would not respond on behalf of Carter to the Commonwealth's written interrogatories. Thus, the trial court was permitted under Rule 4019 to issue an order granting the Commonwealth's petition for forfeiture due to counsels' failure to appear or answer the propounded interrogatories.

As recently pointed out by our Supreme Court, such an order was well within the discretion of the trial court:

[W]here a court imposes a judgment by default against a defendant as a sanction for failure to respond adequately to discovery requests, it is acting well within its discretion and the latitude given it by our Rules of Civil Procedure to enter a "judgment by default against the disobedient party." Pa.Rule of Civil Procedure 4019(c)(3).

*Fox v. Gabler*, 534 Pa. 185, 189, 626 A.2d 1141, 1143 (1993).

Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, this 27th day of July, 1994, the order of the Court of Common Pleas of Philadelphia County, dated July 12, 1993, at M.R. 92–997495, is affirmed.