## Commonwealth v. Werner

C.P. of Lehigh County, no. 730/1997.

*Kelly B. Waldron,* for Commonwealth.
*Earl C. Supplee III,* for defendant.
*Karl Baker, John Packer* and *Ellen T. Greenlee,* for Defender Association of Philadelphia.
*Stefan Presser,* for American Civil Liberties Union of Pennsylvania
*Gary Neil Asteak,* for Public Defender's Association of Pennsylvania.

McGINLEY, *J.,* June 30, 1997—

## I. HISTORY

From the winter of 1996 through January, 1997, the defendant perpetrated a series of sexual assaults on a four-year-old girl. On January 10, 1997, the defendant

was arrested and charged. On July 17, 1997, the defendant pled guilty pursuant to a plea agreement, to one count of involuntary deviate sexual intercourse[1] and one count of corruption of minors.[2] Under Pennsylvania's Megan's Law,[3] the crime of involuntary deviate sexual intercourse is a predicate offense, requiring that person to register with various law enforcement agencies. 42 Pa.C.S. §9739(b).

Sentencing was deferred pending the preparation of a pre-sentence investigation and to allow the defendant to file motions challenging the constitutionality of Pennsylvania's Megan's Law. On August 7, 1997, the defendant filed the instant motion for extraordinary relief, the Commonwealth and the defendant filed briefs, and argument on the motion was held on October 7, 1997.

On November 20, 1997, the defendant's motion for relief was granted, and the defendant was sentenced to a term of imprisonment for a period of not less than five years, nor more than 20 years, followed by probation for a period of five years. The within opinion is in support of our November 20, 1997 order granting the motion of the defendant.

## II. DEFENDANT'S MOTION

Before the court is the defendant's motion for extraordinary relief challenging the constitutionality of the sexually violent predator provision of Pennsylvania's Megan's Law and to bar a second prosecution for the same offense. The defendant argues that Pennsylvania's Megan's Law is unconstitutional for the following reasons:

1. 18 Pa.C.S. §3123(a).
2. 18 Pa.C.S. §6301(a).
3. 42 Pa.C.S. §9791 et seq.

(1) it violates procedural due process under the Fourteenth Amendment of the U.S. Constitution and Article I, Section 9 of the Pennsylvania Constitution;

(2) it violates the right against self-incrimination under the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 9 of the Pennsylvania Constitution;

(3) it violates the right to trial by jury under the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution and Article I, Sections 6, 9, and 10 of the Pennsylvania Constitution;

(4) it violates the right to substantive due process under the Fourteenth Amendment of the U.S. Constitution and Article I, Sections 1, 9, and 15 of the Pennsylvania Constitution;

(5) it acts as a bill of attainder in violation of Article I, Sections 9 and 10 of the U.S. Constitution and Article I, Section 18 of the Pennsylvania Constitution;

(6) it violates the protection against double jeopardy by violating the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 10 of the Pennsylvania Constitution;

(7) it imposes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 13 of the Pennsylvania Constitution; and

(8) it violates the right to privacy in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution and Article I, Sections 1, 8, and 25 of the Pennsylvania Constitution.

## III. PENNSYLVANIA'S MEGAN'S LAW

Pennsylvania's Megan's Law was enacted into law on October 24, 1995, and became effective on April

22, 1996, as to any findings or pleas of guilt as of that date.[4] Because the defendant pled guilty to involuntary deviate sexual intercourse (18 Pa.C.S. §3123(a)), a Megan's Law predicate offense,[5] on July 17, 1997, the statute applies to him.

Under section 9793(b), registration is required for those convicted of certain predicate offenses.

"(b) Persons required to register.—

(1) Persons convicted of any of the following offenses that are classified as a felony and involve a victim who is a minor:

18 Pa.C.S. §2901 (relating to kidnapping) except by a parent.

18 Pa.C.S. §3121 (relating to rape).

18 Pa.C.S. §3123 (relating to involuntary deviate sexual intercourse).

18 Pa.C.S. §3125 (relating to aggravated indecent assault).

18 Pa.C.S. §5902(b) (related to prostitution and related offenses).

18 Pa.C.S. §5903(a)(3), (4), (5), or (6) (relating to obscene and other sexual material and performances).

(2) Persons convicted of any of the following offenses regardless of the age of the victim:

18 Pa.C.S. §3121.

18 Pa.C.S. §3123.

18 Pa.C.S. §3125.

18 Pa.C.S. §3128(a) and (b) (relating to spousal sexual assault)

---

4. See Enactment, 42 Pa.C.S. §9791 et seq.
5. 42 Pa.C.S. §9793(b).

(3) Persons convicted of 18 Pa. C.S. §3136 (relating to indecent assault) when the offense is a misdemeanor of the first degree." 42 Pa.C.S. §9793(b)(1)-(3).

Offenders required to register under 42 Pa.C.S. §9793(b) must do so as provided in 42 Pa.C.S. §9793(a). An offender that fails to register as required under 42 Pa.C.S. §9793 commits a felony of the third degree. 42 Pa.C.S. §9793(e).

In addition, Megan's Law classifies certain offenders as "sexually violent predators" under 42 Pa.C.S. §9794. A "sexually violent predator" is a person who has been convicted of an enumerated predicate offense and is determined under 42 Pa.C.S. §9794 to be a sexually violent predator due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. 42 Pa.C.S. §9792.

A sexually violent predator is subject to enhanced notification and registration requirements, as set out by 42 Pa.C.S. §§9795-8.[6] Additionally, a sexually violent predator is subject to a lifetime mandatory maximum sentence under section 9799.4(a), at least monthly counseling under section 9799.4(b), and, under section 9799.4(c), a mandatory sentence of life imprisonment if convicted of a subsequent sexually violent offense.

The determination of whether an offender is a sexually violent predator is to be made by the trial judge, in accordance with procedures set forth in 42 Pa.C.S. §9791 et seq. The procedures require that after conviction, but before sentencing, offenders must be assessed by the State Board to Assess Sexually Violent Predators. 42 Pa.C.S. §9794(a). The board then submits

---

6. Failure to comply with the registration requirements of 42 Pa.C.S. §9795(a) is a felony of the third degree. 42 Pa.C.S. §9795(d).

a written report containing its assessment to the court. 42 Pa.C.S. §9794(d). Section 9794(e) states:

"(c) Court review of findings.—Upon receipt of the board's report, the court shall determine if the offender is a sexually violent predator. This determination shall be made based on evidence presented at a hearing held prior to sentencing and before the trial judge. The offender and district attorney shall be given notice of the hearing and an opportunity to be heard, the right to call witnesses, the right to call expert witnesses and the right to cross-examine witnesses . . . After a review of all evidence presented at this hearing, the court may determine whether the presumption arising under [42 Pa.C.S. §9794](b) has been rebutted and shall set forth this determination on the sentencing order . . . ." 42 Pa.C.S. §9794(e).

An offender convicted of a predicate offense under section 9793(b) shall be presumed by the board and the court to be a sexually violent predator. This presumption may be rebutted by the offender by clear and convincing evidence. 42 Pa.C.S. §9794(b).

## IV. DISCUSSION

### A. *Registration and Notification Upon Conviction Under Section 9793*

This issue was recently addressed by the Commonwealth Court of Pennsylvania in *Van Doren v. Mazurkiewicz*, 695 A.2d 967 (Pa. Commw. 1997). The *Van Doren* court applied the principles of the United States Court of Appeals for the Third Circuit as set out in *Artway v. Attorney General of New Jersey*, 81 F.3d 1235 (3rd Cir. 1996), and held that both the purpose

and the effect of the registration requirement[7] was not to effectuate punishment. See *Van Doren*, 695 A.2d at 972, 975-76. The court therefore concluded that the Megan's Law registration provisions, 42 Pa.C.S. §9793, do not offend the double jeopardy or the ex post facto clauses. *Id.* at 976.

Most recently, the issue was addressed by the Superior Court of Pennsylvania in *Commonwealth v. Gaffney*, 702 A.2d 565 (Pa. Super. 1997). The Gaffney court followed the reasoning of *Artway* and *E.B. v. Verniero*, 119 F.3d 1007 (3rd Cir. 1997), *cert. denied*, 1998 U.S. Lexis 896, and held that the primary registration provisions were not intended to punish and their effects did not constitute punishment. See *Gaffney*, 702 A.2d at 569. The Superior Court therefore concluded that the registration provisions did not violate the ex post facto prohibition. *Id.*

Since both the Pennsylvania Commonwealth Court and the Pennsylvania Superior Court have upheld the constitutionality of the primary registration requirements, we need not address the issue further.[8]

## B. *Punitive Consequences of a Sexually Violent Predator Hearing*

Pennsylvania's Megan's Law also requires mandatory enhanced sentencing[9] for all offenders found to be sexu-

---

7. The registration requirement for offenders is set out in 42 Pa.C.S. §9793, and for sexually violent predators in 42 Pa.C.S. §9795.

8. Additionally, the Third Circuit upheld the constitutionality of the New Jersey Megan's Law Tier 1 registration provisions. See. *E.B.*, 119 F.3d at 1087, citing *Artway*. The Pennsylvania registration provisions for offenders, 42 Pa.C.S. §9793, is closely related to the Tier 1 provisions of N.J. Stat. Ann. §§2C:7-4.

9. A sexually violent predator's maximum term of confinement for any offense or conviction specified in 42 Pa.C.S. §9793(b) shall

ally violent predators pursuant to 42 Pa.C.S. §9794. We adopt the opinion of our colleague, the Honorable Edward D. Reibman, in *Commonwealth v. Beemer,* 47 Lehigh L.J. 627 (1998) and conclude that the punitive consequences are imposed without the requisite due process safeguards, and that the enhanced sentencing provisions are unconstitutional.

## C. *Enhanced Notification and Registration Consequences of the Sexually Violent Predator Hearing*

The examination of the constitutionality of Pennsylvania's Megan's Law does not end, however, at that juncture.

Those offenders determined to be sexually violent predators are also subjected to enhanced notification and registration provisions.

It is necessary to examine the enhanced notification and registration requirements to evaluate whether the sexually violent predator procedure meets the requirements of due process insofar as a sexually violent predator determination triggers enhanced notification and registration provisions.

Neither the Pennsylvania Superior Court,[10] nor the Pennsylvania Commonwealth Court[11] has specifically addressed the sexually violent predator hearing pro-

---

be the offender's lifetime. 42 Pa.C.S. §9799.4(a). The sexually violent predator must also attend at least monthly counseling, for which he shall be financially responsible. 42 Pa.C.S. §9793(b). If a sexually violent predator is convicted of a subsequent sexually violent offense, the sentence shall be life imprisonment. 42 Pa.C.S. §9799.4(c).

10. See *Gaffney,* 702 A.2d at 569 n.4. See also, *Commonwealth v. Mountain,* 711A.2d 473 (Pa. Super. 1998), 1998 WL 158896, page 1.

11. See *Van Doren,* 695 A.2d at 975 n.14.

visions as they relate to enhanced notification[12] or registration.[13] The United States Court of Appeals for the Third Circuit has specifically addressed the enhanced notification requirement of New Jersey's Megan's Law and found it to be unconstitutional.[14] See *E.B.,* 119 F.3d at 1098. See also, *Commonwealth v. Williams,* case no. 922 of 1997 at page 11, note 5 (C.P. Erie, September 23, 1997).

If the defendant is found to be a sexually violent predator, he will have increased registration obligations imposed under 42 Pa.C.S. §§9795-9796. Those enhancements include:

"(1) registering all current addresses;[15]

"(2) complying with the registration requirement until the court determines that the offender is no longer a sexually violent predator;[16] and

"(3) verifying the sexually violent predator's residence every 90 days, using nonforwardable forms for residence verification." [17]

A sexually violent predator must comply with the enhanced registration requirements until the time he is able to rebut the presumption of being a sexually violent predator by clear and convincing evidence. If

---

12. 42 Pa.C.S. §§9797-9798.

13. 42 Pa.C.S. §§9795-9796.

14. New Jersey's enhanced notification provision requires that notice be provided to the following:

(a) organizations in the community including schools, and religious and youth organizations; (N.J. Stat. Ann. §2C:7-8(c)(2)) and

(b) the public in accordance with the attorney general's guidelines designed to reach members of the community likely to encounter the offender. (N.J. Stat. Ann. §2C:7-8(c)(3)).

15. 42 Pa.C.S. §9795(a).

16. *Id.*

17. 42 Pa.C.S. §9796(a).

a sexually violent predator fails to register as required under 42 Pa.C.S. §§9795-9796, he commits a felony of the third degree.[18]

If the defendant is found to be a sexually violent predator, he is also subject to the enhanced notification requirements which provide for:

"(1) the victim being given written notice when the sexually violent predator registers and if he changes his address;[19] and

(2) written notice[20] being provided to the following:

(a) neighbors of the sexually violent predator;

(b) the director of the county children and youth service agency where the sexually violent predator resides;

(c) the superintendent of each school district and the equivalent official for private and parochial schools enrolling students up through grade 12 in the municipality;

(d) the director of each licensed day care center and licensed preschool program in the municipality;

(e) the president of each college, university and community college located within 1,000 feet of a sexually violent predator's address; and

(f) the general public, upon request." [21]

Unlike the primary notification and registration requirements, which are the consequence of a criminal conviction and last for a determinate period of time,

---

18. 42 Pa.C.S. §9795(d).

19. 42 Pa.C.S. §9797(a).

20. Notice includes: the sexually violent predator's name, address(es), the offense(s) convicted of, and a statement that the offender has been desginated a sexually violent predator by court order. 42 Pa.C.S. §9798(1).

21. 42 Pa.C.S. §9798(b), (d).

the enhanced notification and registration requirements are the result of a judicial determination, and endure the offender's lifetime.

Pennsylvania's Megan's Law, in creating the category of "sexually violent predator," creates a status identification separate, apart, and above the identification of a criminal convict, and goes even farther to require that citizens labeled with this status be required to register and suffer notification.

We have forgotten the lessons of recent history if the creation of status registration does not sound an alarm, no matter how well-intentioned the legislative purpose.

Therefore, the procedure resulting in this determination must be examined to see whether it meets a sufficient standard, particularly with regard to the allocation of the burden of persuasion and standard of proof.

The framework of analysis is set out in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). There are three factors to consider: (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.[22] See *Mathews,* 424 U.S. at 335.

---

22. The Third Circuit used the *Mathews* factors in *E.B.,* 119 F.3d at 1106, 1107.

## i. Burden of Persuasion

Pennsylvania's Megan's Law provides for a judicial hearing at which it is presumed that a person convicted of a predicate offense is a sexually violent predator. The respondent is required to rebut the presumption of being a sexually violent predator by clear and convincing evidence. 42 Pa.C.S. §9794(b).

As a sexually violent predator, the offender must comply with the enhanced notification and registration provisions until he is able to rebut the presumption that he is a sexually violent predator. Because these requirements arise from a judicially determined status, endure a lifetime, and because the requirements impose additional burdens not imposed on any other citizens, "a registrant thus has a compelling interest in an accurate and reasonable disposition of the issues before the court in a Megan's Law hearing." *E.B.,* 119 F.3d at 1107.

Whether the enhanced registration requirements de facto limit the offender's residential and employment opportunities and impugn his reputation, is an argument of a nature that one already convicted of a "sexually predicate offense" can hardly be heard to complain about. The government has no obligation to accommodate, assist, or protect a person's attempt to conceal a criminal conviction, of whatever nature.

The determination of whether the offender is a sexually violent predator is also, in and of itself, a damning determination, not only because that person has been convicted of a predicate offense under section 9793(b), but also because there is a determination that the person has a mental abnormality or personality disorder that makes the person likely to engage in sexually violent offenses. 42 Pa.C.S. §9792.

The issues examined may include the circumstance of the crime constituting the section 9793(b) predicate offense as well as other alleged criminal conduct. The court may be called upon to determine the circumstances of other sexual behavior that have never been the subject of a criminal proceeding, presumably, because there was insufficient evidence to sustain a criminal conviction. Conceivably, even prosecutions which did not result in conviction could be relitigated in the content of such a hearing. See *E.B.*, 119 F.3d at 1107, 1108.

However, the enhanced notification and registration requirements place an affirmative duty on a person to register and suffer notification on the basis of his status, not solely on the basis of his conviction. Therefore, it is incumbent upon the legislature to provide that the determination of the status which bears these additional obligations is characterized by the appropriate due process.

Certainly the Commonwealth has a legitimate interest in notifying citizens who may be at risk of victimization, and the enhanced notification and registration requirements do not de jure limit the offender in his choice of residence, employment, or ownership of property.

Imposing the burden of persuasion upon the offender assigns a great portion of the risk of erroneous fact-finding on the offender. At a Megan's Law hearing, if the court cannot tell which of two conflicting accounts represents the truth, this assignment of the burden of proof and persuasion will likely determine the outcome of the proceeding. See *E.B.*, 119 F.3d at 1108, 1109. The defendant is required to prove a negative in order to avoid infringement on his liberty interests.

The Commonwealth, aided by its considerable resources, is better equipped to prove its case against

an offender than an offender is against the Commonwealth. Placing such a burden upon the Commonwealth would not appear to impose a substantial fiscal or administrative burden upon the Commonwealth.

Requiring the Commonwealth to bear the burden of persuasion in noncriminal cases involving liberty interests is the rule. See generally, *Chaunt v. U.S.,* 364 U.S. 350, 81 S.Ct. 147, 149, L.Ed.2d 120 (1960) (the burden is on the government to show by clear and convincing evidence, facts supporting denaturalization); *Woody v. INS,* 385 U.S. 276, 87 S.Ct. 483, 484, 17 L.Ed.2d 362 (1996) (the burden is on the government to show by clear and convincing evidence, facts supporting deportation); *United States v. Neely,* 208 F.2d 337 (7th Cir. 1953); *Nason v. Immigration and Naturalization Service,* 394 F.2d 223 (2d Cir. 1968), *cert. denied,* 89 S.Ct. 98, 393 U.S. 830, 21 L.Ed.2d 101; and *United States v. Wright,* 667 F.2d 792 (9th Cir. 1982) (In a deportation proceeding, due process requires the government to prove that the person has the status of an alien by clear and convincing evidence.);[23] and *Commonwealth v. $8006.00 U.S. Currency,* 166 Pa. Commonwealth Ct. 251, 253 n.4, 646 A.2d 621, 622 n.4 (1994) ("the Commonwealth bears the initial burden of proof which it must satisfy by a preponderance of the evidence").

The burden of persuasion is unconstitutionally allocated in Pennsylvania's Megan's Law sexually violent predator proceeding.

---

23. The government must also prove, by clear and convincing evidence, that the alien is deportable under the Immigration and Naturalization Act.

## ii. Standard of Proof

Inasmuch as Pennsylvania's Megan's Law inappropriately allocates the burden of persuasion for a sexually violent predator proceeding resulting in notification and registration requirements, the issue of the burden of proof is not appropriately framed. However, we note that the courts have held that "status" cases which result in infringement of liberty interests less than incarceration have not accepted a governmental burden of less than "clear and convincing." See generally *Addington,* 441 U.S. at 433, 99 S.Ct. at 1813 (the burden upon the state in a civil commitment proceeding must be equal to or greater than the clear and convincing standard); *Commonwealth ex rel. Finken v. Roop,* 234 Pa. Super. 155, 175, 339 A.2d 764, 774 (1975) (the burden upon the Commonwealth in a civil commitment proceeding must be equal to or greater than the clear and convincing standard); and *In re Adoption of J.J.,* 511 Pa. 590, 594, 515 A.2d 883, 885-86 (1986) (burden on party seeking involuntary termination of parental rights is to establish facts by clear and convincing evidence).

## V. CONCLUSION

We find that the sexually violent predator provisions of Pennsylvania's Megan's Law are unconstitutional both as to enhanced sentencing and enhanced notification and registration. Other common pleas courts have provided well-reasoned analyses of the remaining issues.

We decline to apply the unconstitutional provisions of Megan's Law to the defendant at the time of sentencing.