**UNITED STATES of America,**
**Plaintiff,**

v.

**$50,720.00 IN U.S. CURRENCY,**
**Defendants.**

**No. 5:07–CV–243–BO.**

United States District Court,
E.D. North Carolina,
Western Division.

July 26, 2008.

Neal Fowler, Joshua B. Royster, U.S. Dept. of Justice, Raleigh, NC, for Plaintiff.

Joseph E. Zeszotarski, Jr., Poyner & Spruill, Raleigh, NC, for Tyrone Roberts.

*ORDER*

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the court on Plaintiff's Motion for Summary Judgment. Plaintiff brought this civil action seeking forfeiture of United States currency pursuant to 21 U.S.C. § 881(a)(6), alleging that the currency at issue is the proceeds of illegal drug transactions or money intended to be exchanged for illegal drugs. Defendant asserts that there are genuine issues of material fact. For the reasons state below, Plaintiff's Motion for Summary Judgment is GRANTED.

I. *Summary of Instant Dispute*

Tyrone Roberts was stopped by a police officer along Interstate 85 in Vance County, North Carolina, for following too close-

---

**6.** The amounts, if any, due each plaintiff remain to be determined.

ly. Based on his observations, such as an overwhelming odor of air freshener, the presence of two cellular telephones in the center console, and Roberts' nervousness, the officer suspected that the vehicle may be involved in the transportation of illegal drugs or currency. When asked if he was carrying a large amount of money, Roberts responded that he was not. The officer asked if he could search Roberts' car, and Roberts consented. In the trunk of the car, the officer found two suitcases. Upon opening one of the suitcases, the officer noticed marijuana residue around the edges and that the suitcase had an obviously false bottom. The officer cut a hole in the liner of the suitcase and discovered the money at issue.

Roberts stated that the $50,000 was from the sale of fixtures from a store he owned in California and that he flew from California to Pennsylvania with the money in the false bottom of the suitcase. He also stated that he was driving to Atlanta to relocate with his wife and open a new store in Atlanta. The officer contacted Roberts' wife who contradicted aspects of Roberts' statement, including the amount of money, the selling of fixtures, and the length of Roberts' stay in Pennsylvania. The officer's drug dog alerted to the rear of the vehicle and the suitcase as having the odor of narcotics. The total amount seized was $50,720.00, broken down into the following denominations: 63 $100 bills, 132 $50 bills, 1,859 $20 bills, and 64 $10 bills.

## II. *Motion for Summary Judgment*

Summary judgment should be granted where there are no genuine issues of material fact for trial. FED.R.CIV.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party has the initial burden of establishing the lack of a genuine issue as to any material fact, and if that burden is met, the party opposing the motion must

"go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory allegations are not sufficient to defeat a motion for summary judgment. *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In a civil forfeiture action, the Government bears the burden of proving by a preponderance of the evidence that the currency is subject to forfeiture, either as proceeds of an illegal drug transaction, or as intended for use in an illegal drug transaction. 18 U.S.C. § 983(c). Specifically, the Government must show that there is a "substantial connection" between the currency and a drug offense. *Id.*

Plaintiff has shown that such a connection exists by a preponderance of the evidence and Defendant has failed to meet its burden or show that there is a genuine issue of material fact. Plaintiff's circumstantial evidence supports the conclusion that the currency seized was the proceeds of illegal drug transactions. Included among this evidence is the large quantity of currency in unusual and suspicious denomination breakdowns. This is compounded by the fact that the money was found in the false bottom of a suitcase after Roberts' had denied possessing any

large quantities of cash. This denial by Roberts was just one of many false, conflicting, and implausible statements made by him during the course of his interaction with the officer. Added to this, marijuana residue was found in the bottom of the suitcase and a drug dog alerted to the suitcase and the trunk of the vehicle. Lastly, all of this occurred on a known drug corridor for illegal drugs to a known source city for illegal drugs. While this evidence may not be sufficient in isolation, the totality of the evidence satisfies Plaintiff's burden.

Defendant argues that the money was from Roberts' California clothing business and gambling, that Roberts has in fact moved to Atlanta and opened a clothing store there, and that the drug alert should not be given great consideration. The only evidence supporting Defendant's version of the source of the $50,720 is Roberts' own affidavit. Roberts' statements without affirmative evidence are not sufficient to create an issue of material fact. Likewise, that Roberts did in fact move to Atlanta and open a clothing store as he told the officer was his intention does not create an issue of material fact or make his previous false statements true. Furthermore, this evidence does nothing to counter the Plaintiff's contention that the money was the proceeds of an illegal drug transaction.

Regarding the drug alert, this court has previously found canine alerts to be reliable and has noted "that detectable odor ordinarily remains on suspect currency for only a brief period of time following contact with narcotics." *United States v. $433,980 In United States Currency*, 473 F.Supp.2d 685, 691 (E.D.N.C.2007) (internal quotations omitted). This conclusion is shared by other courts. *See United States v. $30,670*, 403 F.3d 448, 459 (7th Cir.2005). In light of this, the drug dog's alert to the suitcase is entitled to probative weight.

The drug dog alert, coupled with the other incriminating circumstantial evidence prove by a preponderance of the evidence that the currency at issue is subject to forfeiture. Defendant has failed to present an issue of material fact. Accordingly, Plaintiff's Motion for Summary Judgment is GRANTED.