**Janice K. BROWN, Appellant**

v.

**COMMONWEALTH of Pennsylvania.**

Commonwealth Court of Pennsylvania.

Argued Sept. 6, 2007.
Decided Jan. 8, 2008.

Joseph R. Podraza, Jr., Philadelphia, for appellant.

Jennifer A. Buck, Deputy Attorney General, Harrisburg, for appellee.

BEFORE: COLINS, Judge *, LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

Janice K. Brown appeals the order of the Court of Common Pleas of Chester County (trial court) denying her petition for expedited release of her home from future forfeiture proceedings. Also before the Court is a motion of the Commonwealth of Pennsylvania to quash the appeal for lack of jurisdiction. For the reasons that follow, we will vacate the order of the trial court.

Janice Brown (Mrs. Brown) and her husband, Dr. Richard A. Brown (collectively, the Browns), own as tenants by the entirety a split-level house located in Wayne, Pennsylvania. The value of the house exceeds $400,000. Until recently, Dr. Brown used a small office in the first level of the house to conduct his medical practice; the remainder of the house continues to serve as the Browns' home.

* The decision in this case was reached prior to the date that Judge Colins assumed the status of senior judge.

On December 11, 2001, Dr. Brown was arrested and charged with writing multiple prescriptions in violation of The Controlled Substance, Drug, Device and Cosmetic Act (The Controlled Substance Act).[1] On May 17, 2002, the Commonwealth initiated process for seizure of the Browns' home pursuant to Section 6801(b) of the Judicial Code, 42 Pa.C.S. § 6801(b), commonly known as the Forfeiture Act.[2] As a result, the Browns' home was placed under the trial court's jurisdiction on June 5, 2002, and it has remained there since.[3]

On May 30, 2005, Dr. Brown entered a plea of *nolo contendere* to a single count of dispensing a controlled substance from his home office not in accordance with generally accepted medical practices in violation of Section 13(a)(14) of The Controlled Substance Act, 35 P.S. § 780–113(a)(14). Dr. Brown was ordered to serve a sentence of five years probation and to pay a $100 fine.

On July 27, 2005, the Browns filed a motion for judgment on the pleadings seeking the release of the property from seizure.[4] The Browns asserted that the Commonwealth had waited too long to file a forfeiture petition, thereby entitling the Browns to a judgment releasing their house from seizure and from any possible forfeiture. On August 9, 2005, the Commonwealth filed a petition for forfeiture and condemnation of the Browns' house. In response, the Browns filed preliminary objections seeking dismissal of the petition on various grounds, including the Commonwealth's delay in seeking forfeiture. The Commonwealth filed preliminary objections to the Browns' preliminary objections. The Commonwealth contended that its forfeiture petition was not a pleading within the meaning of the Pennsylvania Rules of Civil Procedure and that, in any case, a claim of prejudice is a factual matter that can never be raised by preliminary objection.

On December 9, 2005, the trial court overruled the Browns' preliminary objections and denied their motion for judgment on the pleadings. The trial court agreed with the Commonwealth that a petition for forfeiture is not "a pleading" governed by the Pennsylvania Rules of Civil Procedure[5] but, rather, is governed by petition practice. Accordingly, the trial court held that the Browns had no ability to file preliminary objections and, thus, had to answer the petition. The trial court denied the Browns' motion for judgment on

---

1. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101–780–144.

2. It states, in relevant part, as follows:

    Property subject to forfeiture ... may be seized by the law enforcement authority upon process issued by any court of common pleas having jurisdiction over the property.
    42 Pa.C.S. § 6801(b). Because the house was used by Dr. Brown to write the illegal prescriptions, the trial court granted the Commonwealth's application for process.

3. The Commonwealth also seized several of Dr. Brown's investment accounts that totaled in excess of $700,000.

4. It appears that the Browns considered the Commonwealth's application for process that effected the seizure to be a "pleading" susceptible to a motion for judgment on the pleadings.

5. A "pleading" is defined as follows:

    (a) Except as provided by Rule 1041.1, the pleadings in an action are limited to
    (1) a complaint and an answer thereto, Note: The term "complaint" includes a complaint to join an additional defendant.
    (2) a reply if the answer contains new matter, a counterclaim or a cross-claim,
    (3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter,
    (4) a preliminary objection and a response thereto.
    PA. R.C.P. No. 1017(a).

the pleadings because the pleadings had not yet closed.[6]

On July 20, 2006, Mrs. Brown filed a petition seeking expedited release of her home from future forfeiture proceedings.[7] Invoking Section 6802(k) of the Forfeiture Act, 42 Pa.C.S. § 6802(k), Mrs. Brown asserted that she was an "innocent owner" because she lacked knowledge of the illegal use of the Browns' home and did not consent to such use. As an innocent owner, Mrs. Brown asserted that she had the right to have her home released from the pending forfeiture proceeding. Mrs. Brown also requested an expedited hearing on her petition, which was granted.

At the hearing, both sides presented evidence. Mrs. Brown testified, stating that she had no knowledge of Dr. Brown's illegal activities until he was arrested and that she had never consented to his use of their house to commit illegal acts. The Commonwealth presented rebuttal evidence, described by the trial court as "circumstantial," which rebutted Mrs. Brown's claim that she did not know what was happening.[8] In the end, the trial court concluded that

> I simply cannot accept as credible Mrs. Brown's testimony that she had no knowledge of her husband's medical practice and how he conducted it.

Trial Ct. Op. at 27. The trial court also concluded that Mrs. Brown had consented to Dr. Brown's illegal conduct because the evidence shows that at best, Mrs. Brown ignored what was going on, and at worst she accepted Dr. Brown's conduct, participated in its fruits, and did nothing to change it, even after he was arrested and she was confronted with the reality of his situation.

Trial Ct. Op. at 28–29. The trial court denied Mrs. Brown's petition for expedited release of her home from future forfeiture proceedings.

On January 11, 2007, Mrs. Brown filed the present appeal. Before this Court, Mrs. Brown contends that the evidence does not support the trial court's legal conclusion, i.e., that Mrs. Brown knew of and at least tacitly consented to her husband's unlawful use of their home. On August 16, 2007, the Commonwealth filed a motion to quash Mrs. Brown's appeal.

The Commonwealth offers two theories in opposition to Mrs. Brown's appeal. First, it contends that the trial court erred in entertaining Mrs. Brown's "petition for release of property from future forfeiture proceedings" because there is no such remedy in the Forfeiture Act and, therefore, the trial court lacked subject matter jurisdiction. Alternatively, it contends that the trial court's denial of Mrs. Brown's petition was merely an interlocutory order entered in the course of an ongoing forfeiture proceeding and until a final order terminates that proceeding,

---

**6.** It appears that the trial court treated the motion for judgment on the pleadings to be directed to the petition for forfeiture even though the motion was filed before the petition for forfeiture was filed. The merits of the trial court's decision on the motion for judgment on the pleadings is not before this Court.

**7.** Mrs. Brown's petition was filed as a separate action and was docketed under a different docket number than the previously filed forfeiture proceeding.

**8.** For example, the trial court found that there was *no* evidence that Mrs. Brown was present when Dr. Brown saw patients, dispensed narcotics, or wrote prescriptions. *See* Opinion of the Court of Common Pleas of Chester County, dated December 27, 2006, at 5 (Trial Ct. Op. ——). Additionally, although Mrs. Brown was a licensed pharmacist, the trial court found that she did *not* have the requisite medical training and experience to realize that Dr. Brown's treatment of his patients violated the standard of medical care.

there is nothing for this Court to review. In response, Mrs. Brown contends that the trial court's order was a final order because her petition for a pre-forfeiture release is a proceeding separate from the forfeiture proceeding itself. In the alternative, Mrs. Brown argues that even if the trial court's order should be found interlocutory, it is appealable as of right or as a collateral order.

We turn, first, to a review of the Forfeiture Act. Where property is used to facilitate any violation of The Controlled Substance Act, that property can be forfeited to the Commonwealth. 42 Pa.C.S. § 6801(a)(6)(i)(C).[9] However, there are limits to this general rule. Property used to facilitate an illegal act cannot be forfeited where the illegal act was done without the knowledge or consent of the owner. 42 Pa.C.S. § 6801(a)(6)(ii).[10] Further, a valid lien on real property cannot "be subject to forfeiture." 42 Pa.C.S. § 6801(a)(6)(iii).[11]

The Forfeiture Act establishes a very specific procedure that must be followed in order for seized property to be forfeited to the Commonwealth. Pertinent here are two aspects of that procedure. First, the forfeiture petition must be personally served on the owner of the property. 42 Pa.C.S. § 6802(b) ("A copy of the petition ... shall be served personally or by certified mail on the owner or upon the person or persons in possession at the time of the seizure."). Second, there must be a hearing on the merits of the forfeiture if the owner asserts a claim that the property cannot be forfeited. 42 Pa.C.S. §§ 6802(i) ("Upon the filing of a claim for the property setting forth a right of possession, the case shall be deemed at issue and a time shall be fixed for the hearing.").[12] By contrast, there is no requirement that a lienholder receive advance written notice of the forfeiture and the opportunity to participate in the forfeiture proceeding.[13]

---

9. It states, in relevant part, as follows:
   The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in ...

   \*      \*      \*

   (C) Real property used or intended to be used to facilitate any violation of The Controlled Substance, Drug, Device and Cosmetic Act, including structures or other improvements thereon, and including any right, title and interest in the whole or any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of The Controlled Substance, Drug, Device and Cosmetic Act, and things growing on, affixed to and found in the land.
   42 Pa.C.S. § 6801(a)(6)(i)(C).

10. It states, in relevant part, as follows:
    *No property shall be forfeited under this paragraph,* to the extent of the interest of an owner, *by reason of any act* or omission established by the owner to have been *committed* or omitted *without the knowledge or consent of that owner.*

42 Pa.C.S. § 6801(a)(6)(ii) (emphasis added).

11. It states, in relevant part, as follows:
    *No valid lien or encumbrance on real property shall be subject to forfeiture* or impairment under this paragraph. A lien which is fraudulent or intended to avoid forfeiture under this section shall be invalid. 42 Pa. C.S. § 6801(a)(6)(iii) (emphasis added).

12. If no claim is asserted by the owner when the petition is served, then "a decree of forfeiture and condemnation will be entered against said property." 42 Pa.C.S. § 6802(b).

13. Section 6802 states, in relevant part, as follows:
    (b) NOTICE TO PROPERTY OWNERS.—A copy of the petition required under subsection (a) shall be served personally or by certified mail on *the owner* or upon *the person or persons in possession* at the time of the seizure. The copy shall have endorsed a notice, as follows:
    To the Claimant of within Described Property: You are required to file an answer to this petition, setting forth your title in, and

At the forfeiture hearing, the Commonwealth bears the initial burden of proving that forfeiture is appropriate because the property was "used to facilitate any violation of The Controlled Substance, Drug, Device and Cosmetic Act." 42 Pa.C.S. § 6801(a)(6)(i)(c). To meet its burden, the Commonwealth must establish, by a preponderance of the evidence, that a substantial nexus exists between the property sought to be forfeited and the prohibited activity.[14] *Id.* If the Commonwealth meets this initial burden, the owner may then present a defense.[15]

Section 6802(j) of the Forfeiture Act sets forth the elements of the defense to be presented by the owner challenging the forfeiture. It states:

(j) Owner's burden of proof.—At the time of the hearing, if the Common-

wealth produces evidence that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under section 6801(a) or 6801.1(a), the burden shall be upon the claimant to show:

(1) That the claimant is the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon.

(2) That the claimant lawfully acquired the property.

(3) That it was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, *then the claimant shall*

right to possession of, said property within 30 days from the service hereof, and you are also notified that, if you fail to file said answer, a decree of forfeiture and condemnation will be entered against said property.

\* \* \*

(c) SUBSTITUTE NOTICE.—If the *owner* of the property is unknown or there was no *person in possession* of the property when seized or if *the owner* or such *person or persons in possession* at the time of the seizure cannot be personally served or located within the jurisdiction of the court, notice of the petition shall be given by the Commonwealth through an advertisement in only one newspaper of general circulation published in the county where the property shall have been seized, once a week for two successive weeks....

\* \* \*

(e) NOTICE AUTOMATICALLY WAIVED.—The notice provisions of this section are automatically waived when *the owner,* without good cause, fails to appear in court in response to a subpoena on the underlying criminal charges....

\* \* \*

(i) HEARING TIME SET.—Upon the filing of a claim for the property setting forth a right of possession, the case shall be

deemed at issue and a time shall be fixed for the hearing.
42 Pa.C.S. §§ 6802(b), (c), (e), (i) (emphasis added). Thus, only the "owner" or "person in possession" of the property is entitled to notice and an opportunity to be heard in a pending forfeiture proceeding.

**14.** A preponderance of the evidence is such proof as leads the fact-finder to find that the existence of a contested fact is more probable than its nonexistence. *A.B. ex rel. Bennett v. Slippery Rock Area School District,* 906 A.2d 674, 677 n. 5 (Pa.Cmwlth.2006). The Commonwealth need not produce evidence directly linking seized property to illegal activity; instead, circumstantial evidence may suffice to establish the requisite nexus between the real property and the prohibited activity. *Commonwealth v. McJett,* 811 A.2d 104, 110 (Pa.Cmwlth.2002).

**15.** The innocent owner defense is one substantive defense, but there are others. For example, the owner may prevail by proving that the forfeiture is unconstitutional because the amount of the forfeiture is grossly disproportional to the gravity of the underlying offense. *Commonwealth v. Real Property and Improvements Commonly Known as 5444 Spruce Street,* 574 Pa. 423, 433, 832 A.2d 396, 402 (2003).

*show that the unlawful use or possession was without his knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances presented.*

42 Pa.C.S. § 6802(j) (emphasis added).[16] Here, the Commonwealth asserts that Dr. Brown, not Mrs. Brown, used the house unlawfully. Assuming the Commonwealth does not challenge her lawful ownership interest, then Mrs. Brown must prove in the forfeiture proceeding that she did not know or consent to Dr. Brown's unlawful acts and such lack of knowledge "must be reasonable under the circumstances presented." *Id.*

Once a property has been ordered forfeited, the Forfeiture Act provides a remedy to those who hold a valid lien on the forfeited real property. These lienholders, unlike the property owner, are not entitled to advance notice of a forfeiture proceeding. *See* 42 Pa.C.S. § 6802(b). However, lienholders have a separate remedy in Section 6802(k) of the Forfeiture Act to prevent the loss of their interest in the property. It states as follows:

(k) Court-ordered release of property.— If *a person claiming the ownership of or right of possession to or claiming to be the holder of a chattel mortgage or contract of conditional sale upon the property,* the disposition of which is provided for in this section, *prior to the sale presents a petition to the court* alleging over the property lawful ownership, right of possession, a lien or reservation of title and if, upon public hearing, due notice of which having been given to

the Attorney General or the district attorney, the *claimant shall prove* by competent evidence to the satisfaction of the court that the property was lawfully acquired, possessed and used by him or, it appearing that the property was unlawfully used by a person other than the claimant, *that the unlawful use was without the claimant's knowledge or consent,* then the court may order the property returned or delivered to the claimant. Such absence of knowledge or consent must be reasonable under the circumstances presented. Otherwise, it shall be retained for official use or sold in accordance with section 6801(e) or 6801.1(f).

42 Pa.C.S. § 6802(k) (emphasis added).

Lienholders may have the forfeited property released prior to its sale if they lack knowledge of and have not consented to the unlawful use of the property. In this respect, lienholders are treated similarly to "innocent owners" who participate in the pre-sale forfeiture proceeding. However, persons with a right to proceed under Section 6802(k) are not fee "owners" covered by Section 6802(j). They are persons who (1) claim to own a chattel mortgage or contract of conditional sale upon the property; (2) claim the right of possession to a chattel mortgage or contract of conditional sale upon the property; or (3) claim to be the holder of a chattel mortgage or contract of conditional sale upon the property. Stated otherwise, Section 6802(k) applies only to third-party creditors who claim a valid lien on the property forfeited, whose rights are protected under 42 Pa.C.S. § 6801(a)(6)(iii).

---

**16.** The holder of a chattel mortgage or contract of conditional sale may be a claimant in a forfeiture hearing. 42 Pa.C.S. § 6802(j)(1). It is not clear how these persons will participate inasmuch as they do not get notice. *See* n. 13, *supra.* Further, because valid liens and encumbrances on real property are not subject to forfeiture, it is not clear why a lienholder would want to participate in the forfeiture. 42 Pa.C.S. § 6801(a)(6)(iii).

Further, the remedy in Section 6802(k) is designed to take place after the property has been ordered forfeited. We know this because the Forfeiture Act states that lienholders may petition the court for a hearing "prior to the sale." 42 Pa.C.S. § 6802(k). A sale is not a possibility until the property has been ordered forfeited, but a sale of forfeited property is expressly authorized. 42 Pa.C.S. § 6801(e)(2).

In sum, Mrs. Brown is not one of the persons listed in Section 6802(k). Her property interest is not that of a lienholder. As such, Mrs. Brown improperly invoked the remedy in Section 6802(k). Her property has not been forfeited, and it cannot be "released" from a forfeiture that has yet to be ordered. Her remedy is to participate in the forfeiture hearing. If the Commonwealth succeeds in meeting its initial burden, then she may present her case. She must prove that she is an owner; that she acquired the property lawfully; that she did not use the property unlawfully; and that she is innocent of its unlawful use. 42 Pa.C.S. § 6802(j)(1)-(3). It turns the Forfeiture Act on its head to have owners presenting their defense in advance of the Commonwealth, the party with the burden, presenting its case.

The Browns' property has been under the cloud of forfeiture for a long time. Unfortunately, there is no way to remove that cloud except by going through the forfeiture hearing. There is no such remedy in the Forfeiture Act as a "pre-forfeiture" release of property, as sought by Mrs. Brown's petition. In effect, she challenges the seizure of the property. The Browns filed a motion for judgment on the pleadings on July 27, 2005, challenging the seizure of the property and seeking its release. The motion was denied. Mrs. Brown does not get a second opportunity to challenge the seizure by using, improperly, the remedy in Section 6802(k).

Based on the foregoing, we conclude that the trial court improvidently permitted Mrs. Brown to proceed with her petition for expedited release of her home from future forfeiture proceedings. This remedy was not one available to Mrs. Brown and, therefore, the trial court lacked jurisdiction to hear that petition. Accordingly, we will vacate the trial court's December 27, 2006, order. As a result, the parties will be directed to proceed with the forfeiture action.[17]

The Commonwealth's motion to quash Mrs. Brown's appeal as an appeal from an interlocutory order will also be denied. As discussed above, although the remedy in Section 6802(k) is not available to an owner, such as Mrs. Brown, the remedy is available to third-party creditors who claim a valid lien on the property forfeited. An order disposing of a claim properly raised under Section 6802(k) by a third-party creditor would constitute a final order disposing of all claims and all parties. Accordingly, the Commonwealth's motion to quash the appeal as interlocutory will be denied.

### ORDER

AND NOW, this 8th day of January, 2008, the motion to quash the appeal in the above captioned matter is hereby DE-NIED, and the order of the Court of Common Pleas of Chester County dated December 27, 2006, is hereby VACATED. The parties are directed to proceed with

---

17. The trial court's order is vacated and, as a result, the parties are not bound by any finding contained therein. Consequently, the Browns are not barred or prevented from asserting any available defenses to the forfeiture action, including the innocent owner defense pursuant to 42 Pa.C.S. § 6802(j).

the forfeiture action in accordance with this Opinion.