**COMMONWEALTH of Pennsylvania**

v.

**ALL THAT CERTAIN LOT Or PARCEL OF LAND LOCATED AT 605 UNIVERSITY DRIVE, STATE COLLEGE, CENTRE COUNTY, PENNSYLVANIA AND DESCRIBED WITH PARTICULARITY AT DEED BOOK 1419 PAGE 0976 IN THE OFFICE OF THE RECORDER OF DEEDS, TAX PARCEL NUMBER 36–014–123A.**

**Appeal of: Gregory Palazzari.**

Commonwealth Court of Pennsylvania.

Argued March 13, 2012.

Decided Nov. 21, 2012.

Steven P. Passarello, Altoona, for appellant.

Robert B. Stewart, III, Senior Deputy Attorney General, State College, for appellee.

BEFORE: PELLEGRINI, President Judge, and McGINLEY, Judge, and LEADBETTER, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge, and BROBSON, Judge and McCULLOUGH, Judge.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

OPINION BY President Judge PELLEGRINI.

Gregory Palazzari (Palazzari) appeals an order of the Court of Common Pleas of Centre County (trial court) which granted the Office of Attorney General's (Commonwealth) motion for summary judgment in a proceeding under what is commonly known as the Controlled Substances Forfeiture Act (Forfeiture Act), 42 Pa.C.S. §§ 6801–6802. Because granting a motion for summary judgment in a forfeiture action is at variance with the procedures set forth in the Forfeiture Act, we reverse the trial court.

On August 21, 2009, following a joint investigation by the Commonwealth and the Centre County Drug Task Force, Palazzari was arrested for cocaine trafficking and charged with multiple offenses under the Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substance Act).[1] The Commonwealth then petitioned the trial court to forfeit the property located at 605 University Drive, State College, Pennsylvania (property) on which a service station known as Greg's Sunoco is located.

---

1. Act of April 14, 1972, P.L. 233, *as amended,*    35 P.S. §§ 780-101–780-144.

In its forfeiture petition, the Commonwealth alleged that Palazzari used the property for the sale and storage of cocaine and as a place to meet his cocaine supplier.

Palazzari filed an answer to the Commonwealth's forfeiture petition in which he admitted that he was the owner of the property "on paper," but stated that "for all intent[s] and purposes the owner of the property would be Mr. Palazzari's mother," Santina Palazzari. (Answer to Petition for Forfeiture and Condemnation at 1). Palazzari also denied that the property was used or intended to be used for drug trafficking. Palazzari ultimately pled guilty to multiple drug charges and was sentenced to a term of incarceration.

█ Following discovery, the Commonwealth filed a motion for summary judgment alleging that there was no genuine issue as to any fact material to the determination of the forfeiture proceeding. In support of its motion, the Commonwealth attached numerous documents identifying Palazzari as the owner of the property.[2] In his answer to the Commonwealth's motion, Palazzari argued that he had produced documents demonstrating that his mother, Santina Palazzari, was the *de facto* owner and operator of Greg's Sunoco. He also argued that forfeiture of the property was excessive considering the gravity of the underlying offenses and, therefore, was unconstitutional. After hearing oral argument, the trial court granted the Commonwealth's motion for summary judgment and ordered the property forfeited to the Commonwealth. In its Opinion and Order, the trial court explained that Pennsylvania courts have "constantly applied the Rules of Civil Procedure to forfeiture actions," and, citing *Commonwealth v. 6969 Forest Avenue*, 713 A.2d 701 (Pa. Cmwlth.1998), noted that summary judgment specifically has been "approved as a method of resolving a forfeiture matter." (Trial Court Opinion and Order at 5–6). This appeal by Palazzari followed.[3]

On appeal, Palazzari, relying on this Court's holding in *Brown v. Commonwealth*, 940 A.2d 610 (Pa.Cmwlth.2008), argues that the Pennsylvania Rules of Civil Procedure do not apply to proceedings under the Forfeiture Act. He contends that the Forfeiture Act mandates a statutory procedure that must be followed, which

2. These documents included: (1) a copy of a Currency Transaction Reporting Form showing the purchase of a bank check in the amount of $60,000; (2) copies of the HUD–1 form used by Palazzari to purchase the property on September 27, 2002; (3) liability insurance policies and workers' compensation insurance policies for the years 2005 and 2006 listing Palazzari as the owner of the property and the business known as Greg's Sunoco; (4) Palazzari's tax returns for the years 2002 to 2009 listing him as the owner of Greg's Sunoco at the address of the property; (5) a W–2 for Santina Palazzari indicating that she received $3,000 in employee compensation from Greg's Sunoco; (6) two trial court opinions identifying Palazzari as the owner of Greg's Sunoco at the address of the property; and (7) a deed for the property listing Palazzari as the sole owner.

3. In reviewing the grant of a motion for summary judgment, we are obliged to read the record in the light most favorable to the nonmoving party and resolve all doubt against the movant. A grant of summary judgment will be reversed only where there has been an error of law or a manifest abuse of discretion. *Moscatiello Construction Company v. Pittsburgh Water and Sewer Authority*, 167 Pa. Cmwlth. 508, 648 A.2d 1249, 1251 n. 3 (1994).

Review of a grant of a forfeiture petition is limited to determining whether the findings of fact made by the trial court are supported by competent evidence and whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Marshall*, 548 Pa. 495, 499 n. 2, 698 A.2d 576, 578 n. 2 (1997).

includes the right of a hearing. As a result, he argues that the trial court's grant of summary judgment[4] constituted an error of law.

■ Section 6802 of the Forfeiture Act, 42 Pa.C.S. § 6802, sets forth a complete procedure regarding forfeiture, including what is in the forfeiture petition, the prayer for relief, notice, what has to be in the notice, who has to sign the notice, substitute notice, preservation of the property, "temporary restraining order," allowable evidence, "fixing of a hearing" and burdens of proof.[5] Regarding notice and hearing, we explained in *Brown:*

4. Motions for summary judgment are governed by Pa. R.C.P. No. 1035.2, which provides:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense in which a jury trial would require the issues to be submitted to a jury.

5. 42 Pa.C.S. § 6802, titled "Procedure with respect to seized property subject to liens and rights of lienholders" provides:

(a) General procedure.—The proceedings for the forfeiture or condemnation of property, the sale of which is provided for in this chapter, shall be in rem, in which the Commonwealth shall be the plaintiff and the property the defendant. A petition shall be filed in the court of common pleas of the judicial district where the property is located, verified by oath or affirmation of an officer or citizen, containing the following:

(1) A description of the property seized.

(2) A statement of the time and place where seized.

(3) The owner, if known.

(4) The person or persons in possession, if known.

(5) An allegation that the property is subject to forfeiture pursuant to section 6801(a) (relating to controlled substances forfeiture) or 6801.1(a) (relating to terrorism forfeiture) and an averment of material facts upon which the forfeiture action is based.

(6) A prayer for an order of forfeiture that the property be adjudged forfeited to the Commonwealth and condemned and be ordered sold according to law, unless cause be shown to the contrary.

(b) Notice to property owners.—A copy of the petition required under subsection (a) shall be served personally or by certified mail on the owner or upon the person or persons in possession at the time of the seizure. The copy shall have endorsed a notice, as follows:

To the Claimant of within Described Property: You are required to file an answer to this petition, setting forth your title in, and right to possession of, said property within 30 days from the service hereof, and you are also notified that, if you fail to file said answer, a decree of forfeiture and condemnation will be entered against said property.

The notice shall be signed by the Attorney General, Deputy Attorney General, district attorney, deputy district attorney or assistant district attorney.

(c) Substitute notice.—If the owner of the property is unknown or there was no person in possession of the property when seized or if the owner or such person or persons in possession at the time of the seizure cannot be personally served or located within the jurisdiction of the court, notice of the petition shall be given by the Commonwealth through an advertisement in only one newspaper of general circulation published in the county where the property shall have been seized, once a week for two successive weeks. No other advertisement of any sort shall be necessary, any other law to the contrary notwithstanding. The notice shall contain a statement of the seizure of the property with a description of the property and the place and date of seizure and shall direct any claimants to the property to file a claim on or before a date given in the notice, which date shall not be less than 30 days from the

date of the first publication. If no claims are filed within 30 days of publication, the property shall summarily forfeit to the Commonwealth.

(d) Property owners not in jurisdiction.—For purposes of this section, the owner or other such person cannot be found in the jurisdiction of the court if:

(1) a copy of the petition is mailed to the last known address by certified mail and is returned without delivery;

(2) personal service is attempted once, but cannot be made at the last known address; and

(3) a copy of the petition is left at the last known address.

(e) Notice automatically waived.—The notice provisions of this section are automatically waived when the owner, without good cause, fails to appear in court in response to a subpoena on the underlying criminal charges. Forty-five days after such a failure to appear, if good cause has not been demonstrated, the property shall summarily forfeit to the Commonwealth.

(f) Preservation of the property subject for forfeiture.—Upon application of the Commonwealth, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond or take any other action to preserve the availability of property described in section 6801(a) or 6801.1(a) for forfeiture under this section either:

(1) upon the filing of an information or an indictment charging an offense in this Commonwealth for which criminal forfeiture may be ordered under this chapter and alleging that the property with respect to which the order is sought would be subject to forfeiture; or

(2) prior to the filing of such an indictment or information, if, after notice to persons appearing to have an interest in the property and an opportunity for a hearing, the court determines that:

(i) there is a substantial probability that the Commonwealth will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court or otherwise made unavailable for forfeiture; and

(ii) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered.

However, an order entered pursuant to this paragraph shall be effective for not more than 90 days unless extended by the court for good cause shown or unless an indictment or information described in paragraph (1) has been filed.

(g) Temporary restraining order.—A temporary restraining order under subsection (f) may be entered upon application of the Commonwealth without notice or opportunity for a hearing when an information or indictment has not yet been filed with respect to the property, if the Commonwealth demonstrates that there is probable cause to believe that the property with respect to which the order is sought would be subject to forfeiture under this chapter and that provision of notice will jeopardize the availability of the property for forfeiture. Such a temporary order shall expire not more than ten days after the date on which it is entered, unless extended for good cause shown or unless the party against whom it is entered consents to an extension for a longer period. A hearing requested concerning an order entered under this subsection shall be held at the earliest possible time and prior to the expiration of the temporary order.

(h) Hearing regarding property; rules of evidence.—The court may receive and consider, at a hearing held pursuant to subsection (f) or (g), evidence and information that would be inadmissible under the rules of evidence.

**(i) Hearing time set.—Upon the filing of a claim for the property setting forth a right of possession, the case shall be deemed at issue and a time shall be fixed for the hearing.**

(j) Owner's burden of proof.—At the time of the hearing, if the Commonwealth produces evidence that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under section 6801(a) or 6801.1(a), the burden shall be upon the claimant to show:

(1) That the claimant is the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon.

(2) That the claimant lawfully acquired the property.

(3) That it was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent. Such

The Forfeiture Act establishes a very specific procedure that must be followed in order for seized property to be forfeited to the Commonwealth. Pertinent here are two aspects of that procedure. First, the forfeiture petition must be personally served on the owner of the property. 42 Pa.C.S. § 6802(b) ("A copy of the petition ... shall be served personally or by certified mail on the owner or upon the person or persons in possession at the time of the seizure") Second, **there must be a hearing on the merits of the forfeiture if the owner asserts a claim that the property cannot be forfeited.** 42 Pa.C.S. § 6802(i). ("Upon the filing of a claim for the property setting forth a right of possession, the case shall be deemed at issue and a time shall be fixed for a hearing.")

*Brown,* 940 A.2d at 613 (emphasis added) (footnote omitted). Not only is a hearing required, under Article I, Section 6 of the Pennsylvania Constitution,[6] a property owner is entitled to a jury trial in a forfeiture action to decide whether the property seized is contraband. *Commonwealth v. One 1984 Z-28 Camaro Coupe,* 530 Pa. 523, 610 A.2d 36 (1992); *Commonwealth v.* *$3961.00 Cash,* 1 A.3d 999 (Pa.Cmwlth. 2010).

■ Forfeiture proceedings, while nominally civil in nature, involve constitutional rights normally only involved in criminal proceedings. A forfeiture effected pursuant to the Forfeiture Act is a fine and, thus, subject to review under the Excessive Fines Clause. *Commonwealth v. Real Property and Improvements Commonly Known As 5444 Spruce Street, Philadelphia,* 574 Pa. 423, 832 A.2d 396 (2003).

In *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), the United States Supreme Court held Fourth Amendment protections applicable to forfeiture proceedings. In so doing, the Court rejected the argument that forfeiture proceedings are solely civil in nature. Relying on *Boyd v. United States,* 116 U.S. 616, 633–634, 6 S.Ct. 524, 29 L.Ed. 746 (1886), the Court stated, "We are also clearly of opinion that proceedings instituted for the purpose of declaring the forfeiture of a man's property by reason of offenses committed by him, though they may be civil in form, are in their nature criminal." *One 1958 Plymouth Sedan,* 380 U.S. at 697, 85 S.Ct. 1246.

absence of knowledge or consent must be reasonable under the circumstances presented.

(k) Court-ordered release of property.—If a person claiming the ownership of or right of possession to or claiming to be the holder of a chattel mortgage or contract of conditional sale upon the property, the disposition of which is provided for in this section, prior to the sale presents a petition to the court alleging over the property lawful ownership, right of possession, a lien or reservation of title and if, upon public hearing, due notice of which having been given to the Attorney General or the district attorney, the claimant shall prove by competent evidence to the satisfaction of the court that the property was lawfully acquired, possessed and used by him or, it appearing that the property was unlawfully used by a per-

son other than the claimant, that the unlawful use was without the claimant's knowledge or consent, then the court may order the property returned or delivered to the claimant. Such absence of knowledge or consent must be reasonable under the circumstances presented. Otherwise, it shall be retained for official use or sold in accordance with section 6801(e) or 6801.1(f).

(Emphasis added).

6. Article I, § 6 of the Pennsylvania Constitution provides that "Trial by jury shall be as heretofore, and the right thereof remain inviolate. The General Assembly may provide, however, by law, that a verdict may be rendered by not less than five-sixths of the jury in any civil case. Furthermore, in criminal cases, the Commonwealth shall have the same right to trial by jury as does the accused."

*See also United States of America v. 1988 BMW 750IL,* 716 F.Supp. 171 (E.D.Pa.), *aff'd,* 891 F.2d 281 (3rd Cir.1989).

In *United States v. United States Coin and Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), the United States Supreme Court held the Fifth Amendment applicable to forfeiture proceedings. The Court reiterated that forfeiture proceedings, although civil in form, are quasi-criminal in nature:

> From the relevant constitutional standpoint there is no difference between a man who 'forfeits' $8,674 because he has used the money in illegal gambling activities and a man who pays a 'criminal fine' of $8,674 as a result of the same course of conduct. In both instances, money liability is predicated upon a finding of the owner's wrongful conduct; in both cases, the Fifth Amendment applies with equal force.

*Id.* at 718, 91 S.Ct. 1041. *See also U.S. v. One Single Family Residence Located at 6960 Miraflores Ave.* 995 F.2d 1558, 1564–65 (11th Cir.1993).

■ Given the quasi-criminal nature of the forfeiture proceeding, Pennsylvania courts have often stated that notice and opportunity to be heard as provided for in the Forfeiture Act guard against those proceedings from "amount[ing] to little more than state-sanctioned theft." *Commonwealth v. Younge,* 446 Pa.Super. 541, 667 A.2d 739, 747 (1995). *See also Commonwealth v. Mosley,* 549 Pa. 627, 702 A.2d 857 (1997); *Commonwealth v. $1,155.00 Cash,* 909 A.2d 12 (Pa.Cmwlth.

2006).[7] Because it imposes a fine attendant to a criminal action, forfeitures are not favored under the laws of the Commonwealth and statutes authorizing forfeiture are strictly construed against the Commonwealth. *Commonwealth v. Smith,* 562 Pa. 609, 757 A.2d 354 (2000); *Commonwealth v. 502–504 Gordon Street in Ninth Ward of City of Allentown, County of Lehigh,* 147 Pa.Cmwlth. 330, 607 A.2d 839 (1992), *affirmed per curiam,* 535 Pa. 515, 636 A.2d 626 (1994). By requiring a hearing in 42 Pa.C.S. § 6802(i), the General Assembly intended for the Commonwealth to present evidence in open court to make out its case before property could be taken from an individual and forfeited to the state.

■ As to the argument that the statutorily required hearing in open court is excused because property can be forfeited on a summary judgment motion made under the Pennsylvania Rules of Civil Procedure, those Rules simply do not apply to forfeitures because the General Assembly provided the complete procedure to be followed that preempts the area. Moreover, simply by their own terms, the Rules do not apply to forfeiture proceedings. Pa. R.C.P. No. 1001 provides:

> (a) As used in this chapter (entitled "Civil Actions") ..., "action" means a civil action brought in or appealed to any court which is subject to these rules.
>
> (b) There shall be a "civil action" in which shall be brought all claims for relief heretofore asserted in:
>
> > (1) the action of assumpsit,

---

7. 42 Pa.C.S. § 6801(f) provides:
   Cash or proceeds of forfeited property transferred to the custody of the district attorney ... shall be placed in the operating fund of the county in which the district attorney is elected. The appropriate county authority shall immediately release from the operating fund, without restriction, a like amount for the use of the district attorney enforcing the provisions of the [Controlled Substance Act]. The entity having budgetary control shall not anticipate future forfeitures or proceeds therefrom in adoption and approval of the budget for the district attorney.

(2) the action of trespass, and

(3) the action in equity.

A motion for summary judgment is contained in the "Civil Action" chapter and is only available in a "civil" action, *i.e.*, one in assumpsit, trespass or equity. Because forfeiture is begun by a petition, not a civil action, the Rules of Civil Procedure do not apply. To the extent that any previous cases have applied the Rules of Civil Procedure to forfeiture actions, those cases are overruled.[8]

■ Also, the "petition practice" rules contained in Pa. R.C.P. Nos. 206.1 through 206.7 do not apply. First, they are not envisioned to handle a proceeding that could result in a jury trial. Moreover, Rule 206.1(a) provides, in relevant part:

(a) As used in this chapter, "petition" means

(1) an application to open a default judgment or a judgment of non pros, and

(2) any other application which is designated by local rule, numbered Local Rule 206.1(a), to be governed by Rule 206.1 et seq.

A forfeiture proceeding does not fall under subsection (1) and, even if it could, the Court of Common Pleas of Centre County has not designated any other type of proceeding to be covered by petition practice.

Because a forfeiture proceeding is a quasi-criminal punitive proceeding, the General Assembly mandated a hearing requiring the Commonwealth to present its evidence in open court, much like it has to do in a criminal proceeding where similar constitutional principles are implicated and not do it just on the papers.

■ Accordingly, because the Forfeiture Act mandates that a hearing be held before property is forfeited, and the Rules of Civil Procedure are inapplicable to forfeiture actions, we reverse the trial court's order and remand this matter to the trial court to conduct a hearing as required by § 6802(i) of the Forfeiture Act.

### Per Curiam ORDER

AND NOW, this 21st day of November, 2012, the order of the Court of Common Pleas of Centre County dated April 15, 2011, at No. CP–14–MD–1134–2009, is reversed. This matter is remanded to the trial court to conduct a hearing.

Jurisdiction relinquished.

DISSENTING OPINION BY Judge McGINLEY.

I dissent to the Plurality's conclusion that the Rules of Civil Procedure, including Summary Judgment, are not available in a civil forfeiture proceeding under the Forfeiture Act, 42 Pa.C.S. §§ 6801–6802. I object to the Plurality's decision to overrule two decades of case law[1] without fully considering the implications of its ruling.[2]

---

**8.** *Commonwealth v. 6969 Forest Avenue* did not hold that summary judgment is an appropriate method of resolving a forfeiture matter. That case merely held that a trial court lacked equitable powers under the Forfeiture Act to stay the sale of forfeited property for five years.

**1.** These cases applied the Pennsylvania Rules of Civil Procedure to civil *in rem* forfeiture matters whenever doing so did: (1) not conflict with any provision of the Forfeiture Act; and (2) facilitated the orderly, fair and effi-

cient course of proceedings and disposition of the matter. In my view, those cases provided a practical approach to disposition, keeping in mind that a civil forfeiture proceeding is much like a trial, the objective of which is to provide the parties with a full and fair opportunity to present evidence in support of their respective positions and, on that evidence, render a just disposition.

**2.** For example, trial courts will be left without fair and efficient guidelines and procedures for the exchange of information. *See Com-*

First, I do not agree that the language of the statute *mandates* a hearing even when there is no disputed issue of material fact. Although the Forfeiture Act mandates that a party receive an opportunity to be heard the legislature did not intend to require an evidentiary hearing where the facts are undisputed and the only issue is one of law. In such a situation, conducting a hearing is wasteful.

An opportunity to be heard does not require the equivalent of an evidentiary hearing in every case. Where there are no disputed facts, the motion proceedings, including briefs and arguments by both parties, provide ample opportunity for the parties to be heard. *See* K. Davis, Administrative Law Treatise, § 12.10 at 227 (1982 Supplement); *Manor v. Department of Public Welfare,* 796 A.2d 1020 (Pa. Cmwlth.2002); *United Healthcare Benefits Trust v. Insurance Comm'r of Pennsylvania,* 152 Pa.Cmwlth. 549, 620 A.2d 81 (1993); *see also Estate of Miner v. Commercial Fisheries Entry Commission,* 635 P.2d 827, 834 (Alaska 1981) (no administrative hearing is required when "there would be no substantial and material issue which could be resolved at a hearing").

The Plurality's reliance on Article I, Section 6 of the Pennsylvania Constitution is also problematic to the extent that it suggests that a constitutional right to a jury trial will be denied if this Court were to sanction the granting of summary judgment. As in any case where summary judgment is proper, the right to proceed further to a jury trial is foreclosed. *Grant v. GAF Corp.,* 415 Pa.Super. 137, 608 A.2d 1047 (1992), *aff'd,* 536 Pa. 429, 639 A.2d 1170 (1994) (per curiam). Neither the

Pennsylvania nor the United States Constitutions grant an absolute right to a jury trial in a civil action. *Washington v. Baxter,* 553 Pa. 434, 719 A.2d 733 (1998) (where a plaintiff failed to establish a cause of action, the constitutional right to a jury trial is not violated when that plaintiff's suit is dismissed).

I also disagree with the Plurality's attempt to equate an *in rem* civil forfeiture proceeding under the Forfeiture Act to a criminal proceeding. The plain language of the Forfeiture Act states that "the proceedings for the forfeiture or condemnation of property ... shall be *in rem* in which the Commonwealth shall be the Plaintiff and the property the defendant." A civil forfeiture proceeding is an *in rem* action which determines the forfeitability of property. *In rem* actions involve the determination of the status of a thing, and the rights of persons generally with respect to that thing. *See* Black's Law Dictionary, 797 (7th ed.1999). An action *in rem* is a *type* of civil action.

Although our courts have acknowledged that persons facing forfeiture are entitled to certain constitutional protections under the Fourth and Fifth Amendments, the fact remains that a forfeiture proceeding under the Forfeiture Act, although "quasi-criminal in nature," is *nevertheless in rem and is, therefore, a civil proceeding. One 1988 Toyota Corolla (Blue Two–Door Sedan) Pa. License TPV 291,* 675 A.2d 1290 (Pa.Cmwlth.1996). The cases cited by the Plurality do not hold that forfeiture proceedings are criminal proceedings to which there is an unconditional right to a hearing. The criminal burden of proof

*monwealth v. $8,006.00 U.S. Currency Seized from Carter,* 166 Pa.Cmwlth. 251, 646 A.2d 621 (1994) (holding discovery rules apply to civil forfeiture proceedings). Trial Courts will be left without guidance as to what constitutes proper service by certified mail. *See*

*Commonwealth v. One 1991 Cadillac Seville Vin 1G6CD53B9M4342561,* 853 A.2d 1093 (Pa.Cmwlth.2004) (holding Rules of Civil Procedure are appropriate in determining what constitutes proper service by certified mail).

"beyond a reasonable doubt" is not applied. *Commonwealth v. Landy*, 240 Pa.Super. 458, 362 A.2d 999 (1976). There is no constitutional right to the appointment of counsel because, in our Supreme Court's words, "the property interests at stake command a lesser level of due process protection" than a criminal proceeding. *Commonwealth v. $9,847.00 U.S. Currency*, 550 Pa. 192, 704 A.2d 612 (1997).

I also disagree on a more basic level with the Plurality's conclusion that a motion for summary judgment is not available in a civil forfeiture proceeding because such a proceeding is "begun by a petition." There is caselaw which holds that the Rules of Civil Procedure are not applicable to statutory appeals, tax assessment cases, or proceedings before administrative agencies and commissions. There is no caselaw which precludes, altogether, the application of the Rules of Civil Procedure to a proceeding commenced by "petition."

In *Appeal of Borough of Churchill*, 525 Pa. 80, 575 A.2d 550 (1990), our Supreme Court reaffirmed a trial court's inherent right to employ rules for procedure and practice so long as the rules do not conflict or violate the laws of the Commonwealth or the United States. *Id.* at 89, 575 A.2d at 554. The Supreme Court reversed an identical attempt by this Court to take away the common pleas court's inherent power to regulate its own practice *simply because the Rules of Civil Procedure did not apply to the underlying proceeding.* In that case, the trial court invited the parties to file exceptions in a statutory appeal proceeding. This Court quashed tax assessment appeals as untimely because the Civil Rules were inapplicable to statutory appeals. The Supreme Court reversed, holding that although post-trial motions under the Rules of Civil Procedure have not been incorporated by reference in statutory appeals, the trial courts, in the absence of local rules, may "invite" exceptions in matters such as statutory appeals if they choose to do so:

> Since the Rules of Civil Procedure are inapplicable to statutory appeals, rules of practice and procedure did not have to be enacted in strict compliance with the provisions of Rule 239. Rather, our trial courts have had the right to enact rules and publish these to cover practice in this area of the law. Where they have not created and published such local rules, then each trial court has been vested with the full authority of the court to make rules of practice for the proper disposition of cases before them and that we have enforced those rules unless they violated the Constitution or laws of the Commonwealth or United States, or our state-wide rules. The general, inherent power of all courts to regulate their own practice, without control, on the ground of expediency, has been recognized by this court for almost one hundred and eighty years, [citations omitted], and we see no reason at this time to disturb that well-settled principle.
>
> Permitting or refusing to accept exceptions is as much within the trial court's discretion as is the right to ask counsel to submit a brief covering a particular question of law. No rules govern this practice, but we know that where the trial court asks for such help, the bar is quick to respond to assist the bench in disposing of the case at hand....
>
> In this case the trial court invited the parties to file exceptions and accepted them and disposed of them, and then issued its final order. This practice was not in violation of our case law or state-wide rules. Our precedents have recognized the practice of inviting exceptions in tax assessment cases, and it is interesting to note that we have never im-

posed this step on the trial courts but have merely recognized that if they feel that such a practice is beneficial to them, who are we to interfere with the trial court's regulation of the practice before it. . . .

*Churchill,* at 89–91, 575 A.2d at 554–555.

In civil forfeiture proceedings, *the Supreme Court has not specifically declared that the Rules of Civil Procedure do not apply. That does not mean, as the Plurality holds, that the common pleas court is precluded from applying rules of practice for the proper disposition of cases before it. Churchill.*

Whether the Rules of Civil Procedure are applicable to civil forfeiture proceedings is not a question that turns on whether it begins by petition. The petition serves merely to bring before the common pleas court a civil *in rem* action for relief where it is to be heard in the same manner as any non-jury proceeding. Even though the term "petition" is used to describe how civil forfeiture proceedings begin, focusing on the "substance" of the proceedings rather than the title is the far more judicious approach.

The point of a trial or an evidentiary hearing is to determine relevant facts. However, our courts have held repeatedly that an evidentiary hearing is not required before entry of summary judgment under circumstances in which no factual issues are in dispute. *United Healthcare Benefits Trust v. Ins. Comm'r of Pennsylvania,* 152 Pa.Cmwlth. 549, 620 A.2d 81 (1993). This rule applies to lawsuits involving rights to real property, money, personal injuries, constitutional rights, rights that are just as important as the rights involved in civil forfeiture proceedings. *Countless* federal courts have held that summary judgment is appropriate in civil forfeiture actions when there is no genuine issue of material fact. *See, e.g., United States v.*

*Two Parcels of Real Property Located in Russell County,* 92 F.3d 1123, 1129 (11th Cir.1996); *U.S. v. $133,420.00 in U.S. Currency,* 672 F.3d 629 (9th Cir.2012); *United States v. $50,720,* 589 F.Supp.2d 582, 584 (E.D.N.C.2008); *United States v. $10,000.00 in U.S. Currency,* 348 F.Supp.2d 612, 615–16 (M.D.N.C.2004). Is there any reason why it should not be applied in our State's civil forfeiture proceedings to eliminate those cases prior to hearing where a party is unable to make out a claim or defense?

Here, the Commonwealth produced a duly recorded Deed which conveyed all interest in and title to the Property to Palazzari and no one else. Palazzari baldly claimed his mother "ran the business" and was "for all intents and purposes" the owner of the Property. He offered no writing to show that the Property was assigned, granted or surrendered to his mother. There was no legal doubt that Palazzari was the owner of the Property on this record.

Our caselaw holds that the Rules of Civil Procedure apply to forfeiture cases as long as a rule does not conflict with a specific provision of the Forfeiture Act. With respect to whether summary judgment applies to forfeiture proceedings, summary judgment is appropriate in a forfeiture case where a hearing would serve absolutely no purpose, such as where the material facts are not in dispute. Summary judgment was appropriate because Palazzari was the legal owner of the Property on the Deed.

Judge LEADBETTER joins in this dissent.

CONCURRING AND DISSENTING OPINION BY Judge COHN JUBELIRER.

I agree with this Court's Order remanding this case for a hearing because I be-

lieve that summary judgment is not available in a proceeding under the Controlled Substances Forfeiture Act (Forfeiture Act), 42 Pa.C.S. §§ 6801–6802. However, I believe the Plurality goes too far when it also broadly declares that the Pennsylvania Rules of Civil Procedure (Rules) do not apply to forfeiture actions and overrules any previous cases in which those Rules were applied. Although the Plurality is correct that a hearing in open court must be held for the Commonwealth to sustain its burden of proof under the Forfeiture Act before property can be taken and forfeited to the state pursuant to Section 6802(i) of the Forfeiture Act, 42 Pa.C.S. § 6802(i), I do not believe it is necessary, or prudent, to create a procedural vacuum by eliminating the use of the Rules. The Forfeiture Act does not contain any explicit preemption of the Rules and the procedures it establishes are not so comprehensive as to eliminate the necessity for the Rules (such as those for discovery) with which the courts and the bar are familiar and currently use. While there may be theoretical justification in treating a forfeiture action differently because it is begun by petition, the practical complications resulting from this unnecessary break from our case law would be significant.

The Plurality asserts that the "General Assembly provided the complete procedure to be followed that *preempts* the [forfeiture] area." *Commonwealth v. All That Certain Lot Or Parcel Of Land Located At 605 University Drive,* 61 A.3d 1048, 1054 (Pa.Cmwlth., No. 789 C.D. 2011, filed November 21, 2012) (*Palazzari*) (Plurality) (emphasis added). In analyzing whether the Forfeiture Act entirely preempts the Rules, we must first determine which of the three types of preemption is potentially implicated. In this case,

the Forfeiture Act contains no language that expressly bars the application of the Rules to forfeiture cases; therefore, there is no express preemption. *Hoffman Mining Company, Inc. v. Zoning Hearing Board of Adams Township, Cambria County,* 612 Pa. 598, 608–09, 32 A.3d 587, 593 (2011). There are two remaining forms of preemption which would need to be implied from the statutory scheme in order to apply: conflict and field preemption. *Id.* at 610–11, 32 A.3d at 594. Although the Plurality does not explain its preemption analysis, it appears to be applying field preemption, which is appropriate only when "analysis of the entire statute reveals the General Assembly's implicit intent to occupy the field completely and to permit no [other] enactments." *Id.* However, reviewing the text of the Forfeiture Act, I do not believe that the General Assembly intended to occupy all of the procedural aspects of forfeitures so completely so as to prohibit the use of the Rules where necessary.

The Forfeiture Act does not contain a "complete procedure," as the Plurality states, *Palazzari,* slip op. at 12; rather, there are areas in which the Forfeiture Act provides no procedure to be followed. In situations where the Forfeiture Act is silent I would, consistent with our precedent, apply the principles of conflict preemption and continue to apply the Rules where they do not conflict with the Forfeiture Act's express provisions. For example, in *Commonwealth v. $8,006.00 U.S. Currency Seized from Carter,* 166 Pa. Cmwlth. 251, 646 A.2d 621 (1994), we held that the discovery provisions of the Rules applied in civil forfeiture proceedings because the Forfeiture Act was silent on the issue and Rule 4001 of the Rules provides that the discovery rules applied to " 'any civil action *or proceeding at law* or in equity brought in or appealed to any court

which is subject to these rules.'"[1] *Id.* at 624 (emphasis added) (quoting Pa. R.C.P. No. 4001). In *Commonwealth v. One 1991 Cadillac Seville,* 853 A.2d 1093, 1095 (Pa. Cmwlth.2004), we relied upon the Rules to determine what constituted "proper service by certified mail" where there was a question whether the property owner's brother signed for the forfeiture petition sent by certified mail. We further relied on the Rules in *Commonwealth v. 1992 Chevrolet Seized from Hill,* 844 A.2d 583, 585–86 (Pa.Cmwlth.2004), to hold that, even where a respondent/property owner does not appear at a forfeiture hearing, the Commonwealth is required to proceed with its case in chief and is *obligated* to present evidence in support of its forfeiture petition.[2] In contrast, the Forfeiture Act provides no procedure for the courts or parties to follow in resolving such questions.

Where the Rules do conflict with the Forfeiture Act, we have, consistent with the principles of conflict preemption, declined to apply them. For example, in *Commonwealth v. $1,800 U.S. Currency,* 679 A.2d 275, 277 (Pa.Cmwlth.1996), this Court declined to apply the Rules to a forfeiture proceeding to vacate a forfeiture order based on the property owner's claim that the Commonwealth's notice, which did not contain a notice to defend, was insufficient under Rule 1018.1.[3] We held that the contents of the Commonwealth's notice were specifically provided for in the Forfeiture Act (which did not require a notice to defend) and, therefore, the Commonwealth's notice was not required to *also* comply with the Rules. *Id.* Similarly, in *Commonwealth v. 542 Ontario Street,*

*Bethlehem, PA, 18015,* 989 A.2d 411, 415–16 (Pa.Cmwlth.2010), we held that where the Forfeiture Act's express provisions regarding the commencement of a forfeiture proceeding, which we concluded were adequate to inform a property owner of the potential forfeiture, differed from the Rules with respect to certain aspects of service and form, the Forfeiture Act's provisions would apply. In each of these instances, we either used the Rules to enhance and fill in the gaps of the Forfeiture Act's provisions or, where no gaps existed or where there was a conflict, we rejected the application of the Rules. I believe that the continued application of the Rules in this fashion is consistent with the Forfeiture Act itself and with principles *of stare decisis.*

The Plurality broadly states that, because forfeiture proceedings are begun by petition, the Rules can never apply. I believe that elevates form over substance. Although these matters are begun by filing a petition, the substance of that petition requires specificity as to the seized property itself, the details of the seizure, the owner (if known), the possessor(s) (if known), the allegations of material fact that support the property's seizure, a prayer for an order of forfeiture, and a notice informing the owner that they must file an answer within 30 days and that the failure to do so can result in a decree of forfeiture being entered against the property. 42 Pa.C.S. § 6802(a), (b). Such requirements are akin to those required to be set forth in a civil complaint. I would not, as the Plurality does, reject decades of

---

1. Rule No. 4001 excepts certain domestic relations matters from this general rule. Pa. R.C.P. No. 4001; *$8,006.00 U.S. Currency,* 646 A.2d at 624.

2. These cases, among others, demonstrate that the courts of common pleas routinely

apply the Rules to the forfeiture proceedings before them.

3. Rule 1018.1 requires that "every complaint filed ... shall begin with a notice to defend." Pa. R.C.P. No. 1018.1.

precedent merely based on the method such proceedings are commenced.[4]

I agree with the Plurality that summary judgment is not applicable in forfeiture proceedings because Section 6802(i) requires a hearing. I would also note that, even if summary judgment were available, I would not grant summary judgment in this case because Gregory Palazzari has alleged that there is a genuine issue of material fact in dispute regarding the ownership of the Property.

The standard by which motions for summary judgment are governed is set forth in the Rules:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa. R.C.P. No. 1035.2. "[S]ummary judgment may be granted only in cases where the right is clear and free from doubt." *Marks v. Tasman*, 527 Pa. 132, 134–35, 589 A.2d 205, 206 (1991). It is the moving party who bears "the burden of proving the nonexistence of any genuine issue of material fact." *Id.* at 135, 589 A.2d at 206. Moreover, in considering a motion for summary judgment, we must view the record "in the light most favorable to the nonmoving party" and resolve "all doubts as to the existence of a genuine issue of

---

4. I note that forfeitures based on violations of the Crimes Code, 18 Pa.C.S. §§ 101—1110, the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1–101—10–1001, and the Municipal Waste Planning, Recycling and Waste Reduction Act (Municipal Waste Act), Act of July 28, 1988, P.L. 556, *as amended*, 53 P.S. §§ 4000.101–4000.1904, are, like those under the Forfeiture Act, considered *civil* in form and are begun by the Commonwealth filing a "petition" that sets forth the same or similar information as required in the Forfeiture Act. *See, e.g.*, Sections 3004 and 6501(d) of the Crimes Code, 18 Pa.C.S. §§ 3004 (forfeiture of property under the Trafficking in Persons provisions), 6501(d) (forfeiture of property for those convicted of improperly disposing of rubbish), as well as forfeitures under, among others, Sections 3141 and 4119(f) of the Crimes Code, 18 Pa.C.S. §§ 3141 (forfeiture of property used in the commission of crimes of a sexual nature), 4119(f) (forfeiture of property used in the commission of trademark counterfeiting); Section 602 of the Liquor Code, 47 P.S. § 6–602 (forfeiture of property under the Liquor Code, which are also applicable to forfeitures under Section 5513(b) of the Crimes Code, 18 Pa.C.S. § 5513(b) (forfeiture of property used in illegal gambling)), and Section 1715 of the Municipal Waste Act, 53 P.S. § 4000.1715 (forfeiture of vehicles for violating the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. §§ 6018.101–6018.1003). The use of the petition is the means by which the General Assembly has chosen for the Commonwealth to commence a forfeiture action; however, in all of these provisions, the procedures set forth do not address how common litigation issues arising in these matters, such as discovery, should be resolved. I believe that we should continue to look to the Rules where the statutes are silent or where doing so does not violate the express requirements of the relevant law. Additionally, Motions for Return of Property, which are the mirror image of a petition for forfeiture under any of these scenarios, are available under Rule 588 of the Pennsylvania Rules of Criminal Procedure and, although filed pursuant to the Rules of Criminal Procedure, are considered *"civil* in form." *Commonwealth v. Howard*, 931 A.2d 129, 131 (Pa. Cmwlth.2007) (emphasis added).

material fact ... against the moving party." *Id.*

The identity of the owner of the Property is a material fact in a forfeiture proceeding. Palazzari has repeatedly asserted that his mother, and not he, is the owner of the Property and that he possesses documents to establish this fact. (Answer to Forfeiture Petition ¶ 5 (asserting that his mother is "for all intent[s] and purposes the owner of the [P]roperty"); Amended Answer to Forfeiture Petition ¶ 5 (same); Answer to Motion for Summary Judgment ¶ 11 (mother is *de facto* owner of the Property, operator of the business, and he has numerous documents so proving); Trial Ct. Op. at 4 (stating that Palazzari claimed that he had documents that could establish his mother's ownership).) Normally, the courts are to resolve all doubts as to the existence of a genuine issue of material fact against the moving party, which would be the Commonwealth in this case. However, here, the Dissent and the trial court discount these factual allegations.

Because I believe that the Rules should continue to be applied where the Forfeiture Act is silent or where there is no conflict with the Forfeiture Act, which is not the case in the present matter, I agree with this Court's Order reversing the trial court's Order and remanding the matter for a hearing under the Forfeiture Act.

Judge McCULLOUGH joins in this concurring & dissenting opinion.